MAY LOWE, DEFENDANT IN ERROR, v. CORNELIUS DORE-MUS, EXECUTOR, &c., PLAINTIFF IN ERROR.

Submitted March 25, 1913—Decided June 18, 1913.

A promise by a man to an unmarried woman that if she contin-ued in his employ and cared for his wants until his death and did not marry until after his death, his executor would then pay her a specified sum, is void as an agreement in general restraint of marriage.

On error to the Supreme Court.

This suit was brought to recover the sum due on a promis-sory note made by Henry VanRiper, during his lifetime, of which the following is a copy:

"PATERSON, N. J., August 28th, 1909.
"Thirty days after death I promise, or authorize my execu-tor or administrator to pay to the order of May Wood, the sum of three thousand ($3,000) dollars at the First National Bank of Paterson.
"Value received.

"HENRY VANRIPER.

"Witness:   James F. Carroll.
"Endorsements—
     "May Wood.
     "May Lowe."

May Lowe is the married name of the plaintiff.

In answer to the interrogatories presented to the plaintiff she stated that the consideration for the making and delivery of the note was "continuing and staying in the employ of, and not marrying until after the death of the maker, Henry Van-Riper, and attending to and caring for the wants of ,said Henry VanRiper until his death."

At the close of the testimony, defendant's counsel moved for the direction of a verdict upon the ground, *inter alia,* that the contract sued on was in general restraint of marriage and void as against public policy. The trial court denied the motion, and of its own motion directed a verdict for the plaintiff and allowed an exception to the defendant who assigns error thereon.

For the plaintiff in error, *Michael Dunn* and *Joseph H. Lecour, Jr.*

For the defendant in error, *James F. Carroll.*

The opinion of the court was delivered by

GARRISON, J. It was error to direct a verdict for the plaintiff, and it was likewise error to refuse to direct a verdict for the defendant.

The contract sued on was in general restraint of marriage and consequently void. In *Sterling* v. *Sinnickson,* 2 *South.* 871, *756, the action was on a sealed bill, the maker of which promised to pay $1,000 to the payee provided he (the payee) was not lawfully married in the course of six months from the date thereof.

It was held that the agreement was void.

The ground of this decision, as stated by Chief Justice Kirkpatrick, was that the law regards marriage as at the foundation of the social order, and hence removes out of the way every unreasonable restraint upon it, and that a restraint "upon the freedom of choice and of action in a case where the law wills that all shall be free" is an unreasonable restraint as against public policy.

That case is not so strong as this, for there the sealed bill implied a legal consideration and the restraint was for but six months, whereas here the consideration that had to be proved was a restraint of indefinite duration.

This early New Jersey case is cited in the note to *Lowe* v. *Peers*, in 6 *Eng. Rul. Cas.* 347, where the English and American authorities are collected.

The trial judge was influenced by the argument that the consideration of the note was severable into three distinct undertakings, the performance of any of which would constitute a good consideration. This clearly is not so. The consideration was the services of an unmarried woman who was to continue as such during the term of her employment. If the plaintiff had married the day after she got the note she could not, by merely tendering her services as a married woman, have maintained an action upon the note if such services were declined by the maker thereof.

Whether it was not in any event a question for the jury whether the note had in fact the consideration sworn to by the plaintiff or whether it was not an attempted testamentary gift is not now before us in view of our decision of the more fundamental question.

The record before us not being such that a final judgment can be entered upon it, the judgment below is reversed and a *venire de novo* awarded.

*For affirmance*—MINTURN, KALISCH, JJ.  2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ.  13.